THIBODEAUX, Chief Judge,
concurring in part and dissenting in part.
|TI concur in affirming the conviction of the defendant. I dissent, however, on affirming a ten-year sentence at hard labor without benefit of probation, parole, or suspension of sentence.
Maximum sentences are reserved for the worst offenders. While the defendant’s conduct is unjustifiable, he does not fit into the characterization of a “worst offender.” He has no prior conviction except molestation of a juvenile for which he registered as a sex offender. He registered in 2007 and resided temporarily with his brother because of a heart condition. The record is scant with respect to how and when the defendant “caused trouble” while staying with his brother. The record is equally tenuous on whether the defendant, as the trial court observed, offered children rides on a four-wheeler. While the majority recognizes the three factors we must consider in reviewing the trial court’s sentencing discretion, it fails to perform a proportionality view, i.e., a comparison of sentences imposed for similar crimes by the same court or other courts. The majority simply rubber-stamped the trial court’s imposition of the maximum sentence in finding no abuse of the trial court’s wide discretion. While the trial court admittedly has wide discretion, an appellate court’s review must do more than simply defer to that wide discretion. It must, in my view, provide reasons for deference to that discretion. The majority opinion does not fully achieve this objective.
For the foregoing reasons, I respectfully dissent in part.